IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:13CR107 |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN DOE #1, | ) | |
| JOHN DOE #2, | ) | |
| JOHN DOE #3, | ) | ORDER |
| VINCENT DIBERARDINO, | ) | |
| JOHN DOE #5, | ) | |
| MICHAEL HUYCK, | ) | |
| ANTHONY LAURITA, | ) | |
| JOHN DOE #8, | ) | |
| BRANDON MOORE, | ) | |
| JOHN SEBES, and | ) | |
| GARY REIBERT, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on motions to sever by defendants Michael Huyck (Huyck) (Filing No. 126), Anthony Laurita (Laurita) (Filing No. 186), Brandon Moore (Moore) (Filing No. 118), and Gary Reibert (Reibert) (Filing No. 115). Huyck, Laurita, Moore, and Reibert are charged in the Second Superseding Indictment with the receipt and attempted receipt of child pornography (Count I) in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) and the accessing of a computer in interstate commerce with the intent to view child pornography (Count II) in violation of 18 U.S.C. § 2252A(a)(5)(B) during the period of November 16, 2012, and December 2, 2012.[1] All of the defendants are also charged in a Forfeiture Allegation seeking the forfeiture of any property used to commit the offenses in Counts I and II in violation of 18 U.S.C. § 2253. Each moving defendant asserts he is misjoined with his other codefendants under Fed. R. Crim. P. 8(b), and his trial should be severed from that of his codefendants. The government opposes severance (Filing No. 152).

---

[1] Codefendants Vincent Diberardino (Diberardino) and John Sebes (Sebes) are also charged in the same two counts and forfeiture allegation of the Second Superceding Indictment. Diberardino did not file a motion to sever. Sebes is awaiting sentence following a plea of guilty.

The court held an evidentiary hearing on the motions on September 9, 2014. Assistant U.S. Attorneys Michael P. Norris and Lecia E. Wright represented the government. Huyck was represented by Jerry M. Hug. Laurita was present with his attorney Mark W. Bubak. Moore was represented by Dana C. Bradford, III. Reibert was represented by Kevin L. Lennen. Huyck and Moore waived their appearance at the hearing (Filing Nos. 274 and 275). Received in evidence were an Application and Affidavit for Search Warrant by Laurita (Exhibit 101) and an Application and Affidavit for Search Warrant by Reibert (Exhibit 102). A transcript of the hearing was prepared and filed on October 3, 2014 (Filing No. 290).

**FINDINGS OF FACT**

Each of the defendants is charged in the Second Superseding Indictment with receiving and attempting to receive child pornography using any means or facility of interstate commerce, including by computer, in violation of 18 U.S.C. § 2252A(a)(2) (Count I) and knowingly accessing a computer in interstate commerce with the intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) during the period of November 16, 2012, through December 2, 2012. The Second Superseding Indictment alleges an internet website, designated "Website A" for the purposes of the Second Superseding Indictment, was established for the primary purpose of the advertisement and distribution of child pornography and a bulletin board for the discussion of matters pertinent to the sexual abuse of children, including the facilitation of anonymous communications and prevention of detection by law enforcement. "Website A" is alleged to have operated from March of 2012 until December of 2012. The computer server hosting "Website A" was seized by law enforcement from a web-hosting facility in Bellevue, Nebraska, on November 18, 2012. It is alleged while "Website A" remained operational from November 19, 2012, through December 9, 2012, law enforcement officers armed with court authorized orders, monitored the electronic communications of users of "Website A" resulting in the charges set forth in the Second Superseding Indictment. Each of the defendants named in the Second Superseding Indictment accessed "Website A" during the monitoring period and viewed and received child pornography on the dates alleged in Counts I and II of the

Second Superseding Indictment.

## ANALYSIS

Rule 8(b) provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). "[I]t is not necessary that every defendant have participated in or be charged with each offense." *United States v. Jones*, 880 F.2d 55, 62-63 (8th Cir. 1989); see also *United States v. Morris*, 723 F.3d 934, 941 (8th Cir. 2013). The propriety of joinder, pursuant to Fed. R. Crim. P. 8, is determined on the face of the indictment. See *United States v. Wadena*, 152 F.3d 831, 848 (8th Cir. 1998). Furthermore, Rule 8(b) is to be liberally construed in favor of joinder. See *United States v. Thompson*, 690 F.3d 977, 989 (8th Cir. 2012); *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005); *United States v. Rimell*, 21 F.3d 281, 288 (8th Cir. 1994); *United States v. O'Connell*, 841 F.2d 1408, 1432 (8th Cir. 1988).

The government asserts the defendants are indicted for their participation in the same illegal acts using the same overall scheme of receiving, accessing, and viewing child pornography on "Website A." The defendants engaged and participated in common activity involving the same website. Each of the defendants is alleged to have been active on the same message board on "Website A" during a specified time frame.

In similarly charged indictments in *United States v. Pierce, et al.*, 8:13CR106, (D. Neb.) and *United States v. Cottom, et al.*, 8:13CR108 (D. Neb.), Senior Judge Bataillon found that while the indictments contained allegations which related to groups with exclusive membership and to communications between website users in general, there were no allegations the indicted defendants belonged to particular groups or communicated with each other. Senior Judge Bataillon analogized the indictments as to individuals using the same post office to commit mail fraud or robbing the same bank at

different times. Accordingly, Senior Judge Bataillon found those defendants were charged with separate, legally distinct crimes and required the defendants to be tried separately.

The Second Superseding Indictment in this case is no different. Accordingly, the defendants' motions to sever will be granted.

Huyck's, Laurita's, Moore's, and Reibert's motion to sever (Filing Nos. 126, 186, 118, and 115) are granted and separate trials will be ordered.

**IT IS SO ORDERED.**

## ADMONITION

Pursuant to NECrimR 59.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 27th day of October, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge